United States District Court
for the
District of Montana

FILED
GREAT FALLS DIV.

Petition for Warrant or Summons for Offender Under Supervision

'04 FEB 6 AM 9 31

PATRICK E. DUFFY CLERK
BY _____
DEPUTY CLERK

Name of Offender: Winbard Ssenyonjo Kycyune      Case Number: CR 03-18-GF-SEH

Name of Sentencing Judicial Officer: Honorable Sam E. Haddon

Date of Original Sentence: July 29, 2003

Original Offense:  False Statements          Offense Code: 18 U.S.C. § 1001(a)(2)

Original Sentence: Six (6) months imprisonment; remand to BICE after release; three (3) years supervised release, inactive

Type of Supervision: Supervised Release    Date Supervision Commenced: December 18, 2003

Assistant U.S. Attorney:                   Defense Attorney (Appointed)

George F. Darragh, Jr.                     Jason Holden
P.O. Box 3447                              Federal Defenders of Montana
Great Falls, Montana 59403                 P.O. Box 3457
(406) 761-7715                             Great Falls, Montana 59403
                                           (406) 727-5328

---

### PETITIONING THE COURT

X    To issue a Warrant
☐    To issue a Summons

The probation officer believes the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition**: The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.<br><br>The offender was placed in the custody of the United States Bureau of Immigration and Customs Enforcement (BICE) after his release from the Bureau of Prisons on August 21, 2003. |

2/13/04 @ 2:00pm Detn

Petition for Warrant or Summons for Offender Under Supervision
Name of Offender: Winbard Ssenyonjo Kyeyune
Page 2.

On December 18, 2003, the offender posted bond in his BICE case and was released. He spent five days on a bus returning to Massachusetts. The offender has been scheduled for an Asylum Hearing in Colorado on March 9, 2004.

Upon the offender's return to Massachusetts, he failed to contact the United States Probation Office.

2   <u>Standard Condition:</u> **The defendant shall not commit another federal, state, or local crime.**

On January 24, 2004, the Waltham Police Department in Waltham, Massachusetts issued traffic citations to the offender for Operating a Motor Vehicle After Suspension and Operating a Motor Vehicle Without Lights.

U.S. Probation Officer Recommendation: Based on the information put forth in this report, it is respectfully recommended that a Warrant be issued.

Respectfully submitted,

Robert W. Warneke
United States Probation Officer

Reviewed by:

Leo Rivers          2/5/04
                    Date
Supervising United States Probation Officer

THE COURT ORDERS this ___5th___ day of February, 2004.

☐ No action
☒ The issuance of a Warrant
☐ The issuance of a Summons
☐ Other

Sam E. Haddon

Kyeyune Prob 19
(Rev. 08/02)

# United States District Court
## for the
## District of Montana

U.S.A. vs. WINBARD KYEYUNE      Docket No. CR 03-18-GF-SEH

TO: [1]Any United States Marshal or any other authorized officer.

| WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE | | | |
|---|---|---|---|
| You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court. | | | |
| NAME OF SUBJECT<br>Winbard Ssenyonjo Kyeyune | SEX<br>Male | RACE<br>Black | AGE<br>28 |
| ADDRESS(STREET, CITY, STATE)<br>500 Main Street    Waltham, Massachusetts | | | |
| SENTENCE IMPOSED BY (NAME OF COURT)<br>District of Montana, Great Falls Division | | | |
| CLERK<br>Patrick E. Duffy | (BY) DEPUTY CLERK<br>*[signature] Othman* | | DATE<br>2-6-04 |

*[signature] Sam E. Haddon*          2/5/04
Sam E. Haddon                Date
United States District Judge

| RETURN | | |
|---|---|---|
| Warrant received and executed | DATE RECEIVED | DATE EXECUTED |
| EXECUTING AGENCY (NAME AND ADDRESS) | | |
| | | |
| NAME | (BY) | DATE |

---

[1]Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the DISTRICT OF MONTANA;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation," or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

FEB.10'2004 Case 1:04-mj-01634-CBS   Document 1   Filed 02/10/2004   Page 4 of 12   #7467 P.003
AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

FILED AND ENTERED
IN CRIMINAL DOCKET
JUL 29 2003
PATRICK E. DUFFY, CLERK
BY_____
Deputy

# UNITED STATES DISTRICT COURT

GREAT FALLS DIVISION   District of ___Montana___

UNITED STATES OF AMERICA
V.

WINBARD SSENYONJO KYEYUNE

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 4:2003CR0018

Jason T. Holden
Defendant's Attorney

## THE DEFENDANT:

X  pleaded guilty to count(s)  Count I

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1001(a)(2) | False Statements | Jan. 24, 2003 | Count I |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: None

Defendant's Date of Birth: May 9, 1975

Defendant's USM No.: 07736-046

Defendant's Residence Address:

500 Main Street

Waltham, Massachusetts

Defendant's Mailing Address:

same

July 29, 2003
Date of Imposition of Judgment

_____
Signature of Judicial Officer

Sam E. Haddon, District Judge
Name and Title of Judicial Officer

Date  July 29, 2003

FEB.10'2004
AO 245B (Rev. 3/01) Judgment in Criminal Case
Sheet 2 — Imprisonment
Case 1:04-mj-01634-CBS   Document 1   Filed 02/10/2004   Page 5 of 12

Judgment — Page 2 of 7

DEFENDANT: WINBARD SSENYONJO KYEYUNE
CASE NUMBER: CR-03-18-GF-SEH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __6 months__. Upon release from imprisonment, Defendant shall be remanded to the custody of the United States Bureau of Immigration and Customs Enforcement for deportation proceedings, if appropriate, in accordance with applicable regulations.

☐ The court makes the following recommendations to the Bureau of Prisons:



X   The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


                                                    UNITED STATES MARSHAL

By _____
                              DEPUTY UNITED STATES MARSHAL

FEB.10'2004 13:03 4064534644   US PROBATION GF                #7467 P.004
Case 1:04-mj-01634-CBS   Document 1   Filed 02/10/2004   Page 6 of 12
AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: WINBARD SSENYONJO KYEYUNE
CASE NUMBER: CR-03-18-GF-SEH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term __3 years. The term of supervised release will__ be inactive while Defendant is not residing in the United States. If Defendant returns to the United States, legally or illegally, within 72 hours of return, he is to report to the nearest United States Probation Office and shall be subject to active supervised release supervision.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, ammunition, a destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall pay the special assessment imposed or adhere to a Court-ordered installment schedule for the payment of the special assessment;
15) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

FEB.10'2004 13:03 4064534644    US PROBATION GF        #7467 P.005
Case 1:04-mj-01634-CBS    Document 1    Filed 02/10/2004    Page 7 of 12
AO 245B   (Rev. 3/01) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment Page 4 of 7

DEFENDANT: WINBARD SSENYONJO KYEYUNE
CASE NUMBER: CR-03-18-GF-SEH

## SPECIAL CONDITIONS OF SUPERVISION

1)  The Defendant shall abstain from the consumption of alcohol and shall not frequent establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only;

2)  The Defendant shall participate in and complete a program of substance abuse testing and treatment as approved by the United States Probation Office, until the Defendant is released from the program by the probation officer. The Defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer; and

3)  The Defendant shall submit his person, residence, place of employment or vehicle to a search, conducted by a United States Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The Defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

AO 245B (Rev. 3/01) Judgment in a Criminal (
Sheet 5 — Criminal Monetary Penal\

Judgment — Page 5 of 7

DEFENDANT: WINBARD SSENYONJO KYEYUNE
CASE NUMBER: CR-03-18-GF-SEH

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ waived | $ n/a |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

TOTALS    $ _____    $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

FEB.10'2004 03:04 4064536644 US PROBATION GF #7467 P.007
Case 1:04-mj-01634-CBS   Document 1   Filed 02/10/2004   Page 9 of 12
AO 245B (Rev. 3/01) Judgment in a Criminal Case
Attachment — Statement of Reason

Judgment — Page __6__ of __7__

DEFENDANT: WINBARD SSENYONJO KYEYUNE
CASE NUMBER: CR-03-18-GF-SEH

## STATEMENT OF REASONS
(Not for Public Disclosure)

X  The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐  The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __6__

Criminal History Category: __1__

Imprisonment Range: __0__ to __6__ months

Supervised Release Range: __2__ to __3__ years

Fine Range: $ __500__ to $ __5,000__

X  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __n/a__

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

FEB.10'2004 13:04 4064534644  Case 1:04-mj-01634-CBS   Document 1   Filed 02/10/2004   Page 10 of 12   US PROBATION GF   #7467 P.008

AO 245B    (Rev. 3/95) Judgment in a Criminal Case
           Attachment A — Statement of R...

Judgment — Page  7  of  7

DEFENDANT: WINBARD SSENYONJO KYEYUNE
CASE NUMBER: CR-03-18-GF-SEH

## STATEMENT OF REASONS
(Not for Public Disclosure)

X  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

## OR

☐ The sentence departs from the guideline range:

  ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

  ☐ for the following specific reason(s):

GEORGE DARRAGH
Assistant U.S. Attorney
U.S. Attorney's Office
119 1ST Avenue North, #300
Great Falls, MT 59401
Phone: (406) 761-7715
FAX: (406) 453-9973

FILED
BILLINGS DIV.

2003 FEB 21 AM 9 54

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. WINBARD SSENYONJO KYEYUNE, Defendant. | CR - 03 - 18 - GF - SEH<br><br>INDICTMENT<br><br>FALSE STATEMENTS<br>Title 18 U.S.C. § 1001 (a) (2)<br>(Penalty: Five years imprisonment, $250,000 fine, and three years supervised release) |
|---|---|

THE GRAND JURY CHARGES:

That on or about the 24th day of January, 2002, at Havre, in the State and District of Montana, the defendant, WINBARD SSENYONJO KYEYUNE, in a matter within the jurisdiction of the United States Border Patrol, an agency of the United States, did knowingly and willfully make materially false, fictitious and fraudulent statements, that is, in response to questions from agents of the United States Border Patrol who were attempting to establish and determine the lawfulness of the defendant's presence in the

United States, the defendant, WINBARD SSENYONJO KYEYUNE claimed that he was another person, that he was a foreign student lawfully in the United States, that he did not have with him his passport or proof of permission to be in the United States, and other false statements, when in truth and in fact, as WINBARD SSENYONJO KYEYUNE then and there well knew, he had in his possession a passport from Uganda stating his true identity and containing an expired United States visa for a limited business entry for 5 days on August 22, 2001, in violation of Title 18 U.S.C. § 1001 (a)(2).

A TRUE BILL.

_____
FOREPERSON

_____
WILLIAM W. MERCER
United States Attorney

_____
CARL E. ROSTAD
Criminal Chief Assistant United States Attorney

Crim. Summons _____
Warrant ___✓___
Bail _____